IN THE COURT OF APPEALS OF IOWA
No. 24-0423
Filed July 24, 2024

**IN THE INTEREST OF K.F.,**
**Minor Child,**

**A.F., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Paul J. Crawford, Judge.

The mother appeals the termination of her parental rights. **AFFIRMED.**

Norma J. Meade of Moore, McKibben, Goodman & Lorenz, LLP, Marshalltown, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Mary Cowdrey of Public Defender's Office, Marshalltown, attorney and guardian ad litem for minor child.

Considered by Chicchelly, P.J., Buller, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BLANE, Senior Judge.**

A mother appeals the termination of her parental rights to her not yet two-year-old child. She contends the State failed to prove the statutory ground for termination and failed to make reasonable efforts in her case. We find no merit in either claim, so we affirm.

## I. Background facts and proceedings

This case began in March 2023 when the Department of Health and Human Services investigated the maternal grandmother for allegations of drug use while caring for her teenage daughter. The mother and her child, K.F., also lived with the maternal grandmother at the time, and further allegations arose that the mother was using drugs while caring for K.F. The mother admitted to using methamphetamine and agreed to a voluntary placement of K.F. with a foster family.[1]

Since then, the mother has struggled to engage in services to treat her substance-use issues. A substance-use evaluation recommended that she attend outpatient treatment groups until space became available in a residential treatment facility. The mother did not attend the outpatient program consistently. In June, the mother entered an inpatient program but left the next day complaining that orientation overwhelmed her. The next month she started outpatient treatment again but did not attend consistently. In October she began outpatient treatment again but this time withdrew a previous informational release so the department could not track her progress. That same month she overdosed on heroin and was

---

[1] The putative father of K.F. had minimal involvement in the case. The juvenile court terminated his parental rights, and he does not appeal.

treated at the hospital. In December, she entered a thirty-day residential treatment facility and was successfully discharged. But providers reported her participation wasn't consistent while she was there. Within days of completion, she used methamphetamine again. The mother also gave many positive drug tests or failed to appear for drug tests throughout the proceedings.

Her attendance and performance at visitation were also inconsistent, and were exacerbated when the mother committed felony probation violations, and had multiple arrests and stints in jail. Providers and the foster parents reported the mother appeared intoxicated during some in-person and video visits. And the department suspended her visits while she had active warrants out for her arrest.

The State petitioned for termination of the mother's parental rights in December 2023. The court held a joint permanency and termination-of-parental-rights hearing in February 2024. At the hearing, it was established the mother had admitted recently using methamphetamine on January 26 and 28, and she testified to last using methamphetamine three days before the hearing. The juvenile court found grounds for termination were supported under Iowa Code section 232.116(1)(h) (2023). The mother appeals.

## II. Standard of review

We review termination proceedings de novo. *In re L.B.,* 970 N.W.2d 311, 313 (Iowa 2022). We respect the juvenile court's fact findings, especially when they rest on witness credibility. *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). But we are not bound by them. *Id.* Our primary concern is the best interests of the child. *Id.*

### III. Analysis

Termination requires clear and convincing evidence of three analytical steps. *See In re D.W.*, 791 N.W.2d 703, 706–07 (Iowa 2010). We determine whether termination is warranted under statutory grounds, if termination is in the child's best interests, and if a statutory exception applies to preclude termination. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). On appeal, we need not address any step the parent does not challenge. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

#### A. Statutory Grounds for Termination

The court terminated the mother's parental rights under Iowa Code section 232.116(1)(h).[2] She contends the State failed to show that K.F. could not be returned to her custody at the time of the hearing. *See* Iowa Code § 232.116(h)(4); *see also In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (requiring proof of statutory grounds by clear and convincing evidence). She argues that because she was about to return to an inpatient treatment program that allows children to be placed

---

[2] To find termination appropriate under paragraph (h), the court must find all the following supported by clear and convincing evidence:

    (1) The child is three years of age or younger.

    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

with their parents, the State didn't prove the child could not be returned to her custody.

We disagree. At the termination hearing, the mother was not in the treatment program, she was waiting for admission, so she could not resume custody "at the present time," as the statute requires. Iowa Code § 232.116(h)(4); *see In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018) (holding "at the present time" in Iowa Code § 232.116(1)(h)(4) to mean the time of the termination hearing). And placing a child with a parent in a supervised treatment program is different from the parent resuming legal custody of the child.[3] The mother was still actively addicted to drugs and had used methamphetamine just days before the termination trial. In addition, there were issues with housing, finances, and her lack of employment. The State proved by clear and convincing evidence that K.F. could not be returned to her custody.

### B. Reasonable Efforts

The mother next contends the department failed to make reasonable efforts to reunite her with her child. *See In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002) ("The State must make reasonable efforts to provide services to a parent before termination proceedings may be instituted."). She complains the department failed to provide her visitation while she had active warrants, causing her to miss visits. And she asserts the department failed to provide SafeCare curriculum for her.

The State responds, and we agree, that the mother failed to preserve error on her claims, so we do not address them. *See id.* at 148 (finding a parent waives

---

[3] The mother did not argue that admission to the program was a reason to give her extra time to work toward reunification under Iowa Code section 232.104(2)(b).

reasonable-efforts challenges by failing to timely request more or different services). In her error-preservation statement on this issue, the mother asserts she preserved error by raising the deficiency at the termination trial, but that is expressly too late. *See In re C.B.*, 611 N.W.2d 489, 493–94 (Iowa 2000) ("[The parent] . . . did not object to other reunification efforts by the [department] until the termination proceeding. We have repeatedly emphasized the importance for a parent to object to services early in the process so appropriate changes can be made.").

Finding no grounds that merit reversal, we affirm the termination of the mother's parental rights.

**AFFIRMED.**